Gregg A. Hubley, Esq. (Nev. Bar No. 7386)
Christopher A.J. Swift, Esq. (Nev. Bar No. 11291)
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
7201 W. Lake Mead Blvd., Suite 570
Las Vegas, Nevada 89128
Telephone: (702) 789-7529
Facsimile: (702) 909 7865
Email: gregg@aswtlawyers.com
Email: christopher@aswtlawyers.com

Mike Arias, Esq. (Cal. Bar No. 115385)*
Alfredo Torrijos, Esq. (Cal. Bar No. 222458)*
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696
Email:  mike@aswtlawyers.com
Email:  alfredo@aswtlawyers.com

Alan Brayton, Esq. (Cal Bar No. 73685)*
Gilbert Purcell, Esq. (Cal Bar No. 113603)*
James Nevin, Esq. (Cal. Bar No. 220816)*
Andrew Chew, Esq. (Cal. Bar No. 225679)*
**BRAYTON PURCELL, LLP**
222 Rush Landing Road
Novato, California 94945
Telephone: (800) 598-0314
Email:  abrayton@braytonlaw.com
Email:  gpurcell@braytonlaw.com
Email:  jnevin@braytonlaw.com
Email:  achew@braytonlaw.com

*Attorneys for Plaintiffs and the Proposed Class*
* *pro hac vice* pending

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EGG WORKS HOLDING COMPANY, LLC, a Nevada limited liability company; E & I, CATERING, LLC, a Nevada limited liability company; EW LIVE, LLC dba EGG WORKS, a Nevada limited liability company; EGG AND I, LLC a Nevada limited liability company; EGG WORKS, LLC, a Nevada limited-liability company; EGG WORKS 2, LLC, a Nevada limited-liability company; EGG WORKS 3, LLC, a Nevada limited-liability company; EGG WORKS 4, LLC, a Nevada limited-liability company; EGG WORKS 5, LLC, a Nevada limited-liability company; EGG WORKS 6, LLC, a Nevada limited-liability company; and EW COMMISSARY, LLC, a Nevada limited- | Case No. **CLASS ACTION COMPLAINT** JURY TRIAL DEMANDED |

liability company,

         Plaintiffs,

   vs.

ACUITY, A Mutual Insurance Company, a Wisconsin corporation,

         Defendant.

Plaintiffs Egg Works Holding Company, LLC; E & I Catering, LLC; EW Live, LLC dba Egg Works; Egg & I, LLC; Egg Works, LLC; Egg Works 2, LLC; Egg Works 3, LLC; Egg Works 4, LLC; Egg Works 5, LLC; Egg Works 6, LLC, and EW Commissary, LLC (collectively "Plaintiffs" or "Egg Works"), individually and on behalf of all others similarly situated, make the following allegations based upon information and belief, except as to those allegations specifically pertaining to Plaintiffs and their counsel, which are based on personal knowledge.  Plaintiffs bring this action for breach of contract, breach of the covenant of good faith and fair dealing, declaratory and injunctive relief against Defendant Acuity, a Mutual Insurance Company ("Defendant" or "Acuity") demanding a trial by jury.

## NATURE OF THE ACTION

1.      Egg Works is a local family owned and operated group of restaurants known mostly for their family-oriented breakfasts, lunches and dining environment throughout Las Vegas and in Henderson, Nevada employing over 400 Clark County residents.

2.      Acuity is a mutual property and casualty insurance company organized as a corporation under the laws of the State of Wisconsin.  Its principal place of business is located in Sheboygan, Wisconsin.

3.      Egg Works purchased a Commercial Package Policy (the "Policy") from Acuity in September 2019. A copy of the Policy is attached as **Exhibit 1**. The Policy is an "All Risk" policy, meaning all risks of physical loss or damage are covered unless specifically and unambiguously excluded. All non-excluded losses are covered.

4.      Pursuant to the terms of the Policy, Egg Works purchased general liability,

automobile, excess liability and "Bis-Pak Liability." Egg Works tendered the premium for this coverage.

5.     The Policy protects Plaintiffs against a loss of business income due to a suspension of each restaurants' operations, identified in the Policy and generally known as business interruption coverage.

6.     The Policy also provides "Extra Expense" coverage, under which Defendant promises to pay expenses incurred to minimize the suspension of business.

7.     On March 20, 2020, Nevada Governor Steve Sisolak issued Declaration of Emergency Directive 003, which among other directives, orders the cessation of "non-essential" business and for the purposes of this Complaint, onsite dining. Specifically, Declaration of Emergency Directive 003 provides, in pertinent part:

> SECTION 3: The Nevada general public may utilize restaurants and food establishments serving prepared meals. Such establishments may continue serving the public, *but shall cease onsite dining effective March 20, 2020 at 11:59 p.m., for the duration that this Directive shall be in effect*. Food establishments open to the Nevada general public shall only serve customers through a take-out, drive-through, curbside pickup, or delivery capacity… (Emphasis added).

8.     Section 11 of the Declaration of Emergency Directive 003 provides that the Directive lasts until April 16, 2020.

9.     A copy of the March 20, 2020, Declaration of Emergency Directive 003 is attached as **Exhibit 2**.

10.    On March 27, 2020, Governor Sisolak issued a Guidance for Declaration of Emergency Directive 003, clarifying that dine-in restaurants are "non-essential" business, "where the risk of transmission of COVID-19 is high." A copy of the March 27, 2020, Guidance for Declaration of Directive 003 is attached as **Exhibit 3**.

11.    On April 1, 2020, Governor Sisolak issued a Declaration of Emergency Directive 010, Stay at Home Order, extending Declaration of Emergency Directive 003 to April 30, 2020. A copy of the Declaration of Emergency Directive 010 is attached as **Exhibit 4**.

12.    In accordance with the above-referenced Directives, Egg Works was forced to suspend business operations at the restaurants. This suspension, which is ongoing, has caused

Plaintiff to suffer significant losses and incur significant expenses.

13. Under the Policy, Plaintiffs have paid substantial premiums to Defendant, and in turn Defendant promised to pay these losses and expenses and are obligated to pay for them. Defendant has breached the terms of the Policy and have failed to pay for these losses and expenses.

14. Defendant has refused to pay these losses and expenses.

15. Upon information and belief, Defendant has failed to pay for similar losses and expenses for innumerous other insures holding policies that are, in all material respects, identical.

## THE PARTIES

16. Plaintiff Egg Works Holding Company, LLC is a Nevada limited liability company doing business in Las Vegas, Nevada.

17. Plaintiff E & I Catering, LLC is a Nevada limited liability company doing business at 4580 West Hacienda Ave., Las Vegas, Nevada 89118.

18. Plaintiff EW Live, LLC dba Egg Works is a Nevada limited liability company doing business at 4580 West Hacienda Ave., Las Vegas, Nevada 89118.

19. Plaintiff Egg and I, LLC is a Nevada limited liability company doing business at 4533 W. Sahara Ave., Las Vegas, Nevada 89102.

20. Plaintiff Egg Works, LLC is a Nevada limited liability company doing business at 9355 West Flamingo Road, No. 1, Las Vegas, Nevada 89147.

21. Plaintiff Egg Works 2, LLC is a Nevada limited liability company doing business at 2490 East Sunset Road, Las Vegas, Nevada 89120.

22. Plaintiff Egg Works 3, LLC is a Nevada limited liability company doing business at 6960 South Rainbow Blvd., Las Vegas, Nevada 89118.

23. Plaintiff Egg Works 4, LLC is a Nevada limited liability company doing business at 10839 South Eastern Ave., Henderson, Nevada 89052.

24. Plaintiff Egg Works 5, LLC is a Nevada limited liability company doing business at 2025 Village Center Circle, Las Vegas, Nevada 89134.

25. Plaintiff Egg Works 6, LLC is a Nevada limited liability company doing business at

7591 Tule Springs Road, Las Vegas, Nevada 89131.

26.     Plaintiff EW Commissary, LLC is a Nevada limited liability company doing business at 5321 Cameron Street, Las Vegas, Nevada 89118.

27.     Defendant Acuity is a Wisconsin corporation with its principal place of business in Sheboygan, Wisconsin. Acuity engages in substantial and not isolated activity on a continuous and systematic basis in the State of Nevada by issuing and selling insurance policies in Nevada.

## I.     JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Defendant and at least one member of each class; there are more than one hundred members of each class; and the amount in controversy exceeds $5,000,000.00 exclusive of interest and cost. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202 and is authorized to grant declaratory relief under these statutes.

29.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part, if not all, of the acts and omissions complained of in this action took place in the State of Nevada.

## FACTUAL ALLEGATIONS

30.     In September 2019, Egg Works obtained the Policy issued by Acuity, policy number ZD8324. The Policy has a policy period of September 1, 2019, to September 1, 2020. The Policy expressly insured the Plaintiffs at their respective physical locations.[1]

31.     Plaintiffs paid an additional premium for the "Deluxe Bis-Park® Property Coverage Form." Portions of this additional coverage provide for Business Loss and Extra Expenses, as described below.

32.     Per the terms of the Policy, Acuity agreed to "pay for direct physical loss of or damage to Covered Property at the premises…"[2]

33.     As alleged, the Policy is an "All Risk" policy, defining "Covered Causes of Loss" as Risks of Direct Physical Loss unless the loss is:

---

[1]     Exhibit 1, p. 17.
[2]     Exhibit 1, p. 109.

1      "a. Excluded in Property Exclusions; or

2          b. Limited in paragraph 4, Limitations; that follow." [3]

3      34.    The Policy agrees to pay for Business Income and Extra Expense:

4          "(1) We will pay for the actual loss of Business Income you sustain due to the

5          necessary suspension of your *operations* during the *period of restoration*. The

6          suspension must be caused by direct physical loss of or damage to the property at

7          the described premises. The loss or damage must be caused by or result from a

8          Covered Cause of Loss. With respect to loss of or damage to personal property in

9          the open or personal property in a vehicle, the described premises include the area

10         within 100 feet of the site at which the described premises are located…"[4]

11     35.    Pursuant to the terms of the Policy, Business Income means:

12         "(a) Net income (Net Profit or Loss before income taxes) that would have been

13         earned or incurred if no physical loss or damage had occurred, but not including

14         any Net Income that would likely have been earned as a result of an increase in the

15         volume of business due to favorable business conditions caused by the impact of

16         the Covered Cause of Loss on customers or on other businesses; and

17         (b) Continuing normal operating expenses."[5]

18     36.    The Policy also agrees to pay for Extra Expense not "incurred if there had been no

19     direct physical loss or damage to property at the described premises. The loss or damage must be

20     caused by or result from a Covered Cause of Loss…"[6]

21     37.    The Policy defines Extra Expense as expense incurred:

22         "(a) To avoid or minimize the suspension of business and to continue *operations*:

23             i.  At the described premises; or

24             ii. At replacement premises or at temporary locations, including relocation

25                 expenses, and costs to equip and operate the replacement or temporary

26

---

27  [3]  Exhibit 1, p. 110, ¶ 3.
    [4]  Exhibit 1, p. 113, §g.
    [5]  Exhibit 1, p. 113, §g(2).
28  [6]  Exhibit 1, p. 113, §g(3).

291724                          CLASS ACTION COMPLAINT

locations.

(b) To minimize the suspension of business if you cannot continue *operations*."

(c) To:

(i) Repair or replace any property; or

(ii) Research, replace or restore the lost information on damaged *valuable papers and records*;

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage."[7]

38.     The Policy also has a "Civil Authority" provision, where Acuity agreed to pay "for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises."[8]

39.     The Civil Authority provision is an independent basis for business interruption coverage and is can be triggered even when the standard business interruption coverage is not.

40.     The Policy sets forth a number of exclusions, none of which apply to Plaintiffs.

41.     One of those one exclusions relates to virus or bacteria "that induces or is capable of inducing physical distress, illness or disease."

42.     As discussed, Governor Sisolak suspended all on-site dining for restaurants in the State of Nevada, including Plaintiffs, on March 20, 2020, in Declaration of Emergency Directive 003.

43.     At the time of the March 20, 2020, Declaration of Emergency Directive 003, Egg Works was not aware of the presence of COVID-19 virus on its premises and no employee or customer had reported a COVID-19 infection.

44.     Plaintiffs have suffered the suspension of business operations, sustained losses of business income, and incurred extra expenses.

45.     On April 22, 2020, Egg Works provided notice of these losses to Acuity and requested payment consistent with the terms of the Policy.

---

[7]     Exhibit 1, p. 114, §g(4).
[8]     Exhibit 1, p. 114, §h.

291724                          CLASS ACTION COMPLAINT

46.     To date, Acuity refuses to or has failed to meaningfully respond to Egg Works' request and refuses to pay Egg Works consistent with its contractual obligations.

47.     Egg Works continue to suffer losses and expenses through the date of the filing of this action.

48.     The losses and expenses suffered by Egg Works are not excluded from coverage under the Policy and Egg Works has complied with all provisions of the Policy. Accordingly, Egg Works is entitled to payment for their losses and expenses.

## CLASS ACTION ALLEGATIONS

49.     Plaintiffs bring this action on behalf of themselves and as a representative of all others who are similarly situated.  Pursuant to Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs seek certification of the following class:

(a) All persons and entities with Business Income coverage under a Commercial Package Policy issued by Defendant that suffered suspension of business due to COVID-19, and for which Defendant has denied a claim for the losses or have otherwise failed to acknowledge, accept as a covered loss, or pay for the covered losses (the "Business Income Coverage Class").

(b) All persons and entities with Extra Expense coverage under a Commercial Package Policy issued by Defendant that sought to avoid or minimize the suspension of business caused by COVID-19, and/or the actions of civil authorities in response to COVID-19, and for which Defendant has denied a claim for the expenses or have otherwise failed to acknowledge, accept as a covered expense, or pay for the covered expenses (the "Extra Expense Coverage Class").

(c) All persons and entities with Civil Authority coverage under a Commercial Package Policy issued by Defendant that sought to avoid or minimize the suspension of business caused by COVID-19, and/or the actions of civil authorities in response to COVID-19, and for which Defendant has denied a claim for the losses or have otherwise failed to acknowledge, accept as a covered expense, or pay for the covered loss (the "Civil Authority Coverage Class").

50.     Excluded from each of the above Classes are Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendant.  Also excluded are the judges and court personnel in this

case and any members of their immediate families.

51.   Plaintiffs reserve the right to amend or modify the Class definitions with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

52.   This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Rule 23 of the Federal Rules of Civil Procedure.

53.   <u>Numerosity.</u> Fed. R. Civ. P. 23(a)(1).   The member of each Class is so numerous that joinder of all members is impractical.   Plaintiffs are informed and believe that there are thousands of members of each of the Classes.   The precise number of Class members can be ascertained from Defendant's records.

54.   <u>Commonality and Predominance.</u> Fed. R. Civ. P. 23(a)(2) and (b)(3).   There are questions of law and fact common to each Class, which predominate over any questions affecting individual members of each respective Class.   These common questions of law and fact include, without limitation:

      (a)  Whether Plaintiffs and the Class members suffered a covered loss under the common policies issued to members of the Class;

      (b)  Whether Defendant wrongfully denied all claims based on COVID-19;

      (c)  Whether Defendant's Business Income coverage applies to a suspension of business caused by COVID-19 and/or related actions of civil authorities taken in response to the presence or threat of COVID-19;

      (d)  Whether Defendant's Extra Expense coverage applies to efforts to avoid or minimize a loss caused by COVID-19;

      (e)  Whether Defendant's Civil Authority coverage applies to a suspension of business caused by COVID-19 and/or related actions of civil authorities taken in response to the presence or threat of COVID-19;

      (f)  Whether Defendant has breached their contracts of insurance through a uniform and blanket denial of all claims for business losses related to COVID-19 and/or the related actions of civil authorities taken in response to the presence or threat of COVID-19;

(g) Whether Plaintiffs and the Class members suffered damages as a result of Defendant's actions; and

(h) Whether Plaintiffs and the Class members are entitled to an award of reasonable attorneys' fees, interest, and costs.

55.     Typicality.   Fed. R. Civ. P. 23 (a)(3).   Plaintiffs' claims are typical of the claims of the Class they seek to represent.   Plaintiffs and all Class members were exposed to uniform practices and sustained injuries arising out of and caused by Defendant's unlawful conduct.

56.     Adequacy.   Fed. R. Civ. P. 23(a)(4).   Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions.   Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Classes.

57.     Superiority.   Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendant, no Class member could afford to seek legal redress individually for the claims alleged herein.   Therefore, absent a class action, Class members will continue to suffer losses and Defendant's misconduct will proceed without remedy.   Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.   Individualized litigation would also create the potential for inconsistent or contradictory rulings.   By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.   Finally, Plaintiffs know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

58.     Injunctive and Declaratory Relief.   Fed. R. Civ. P.  23(b)(2).   Defendant's unlawful and unfair conduct is uniform as to all members of each Class.   Defendant has acted or refused to

act on grounds that apply generally to each Class, so that final injunctive relief or declaratory relief is appropriate with respect to each Class as a whole.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

### (By Plaintiffs and the Business Income Coverage Class against Defendant)

59.     Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

60.     Plaintiffs bring this claim individually and on behalf of the Business Income Coverage Class against Defendant.

61.     Plaintiffs' Policy and the policies of other Business Income Coverage Class members, are insurance contracts under which Defendant was paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

62.     In the Policy, Defendant expressly agrees to pay for loss of gross revenue incurred as a result of the perils not excluded under the Policy. Specifically, Defendant promised to pay for losses of business income sustained as a result of a business interruption.

63.     A covered loss has resulted in a business interruption. These interruptions have caused Plaintiffs and Class members losses.

64.     The business interruptions and losses triggered the business income coverage under the Policy and other Class members' policies.

65.     Plaintiffs and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

66.     Defendant, without justification, has refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendant is in breach of the Policy and other Class members' policies.

67.     Due to Defendant's breach of the Policy and other Class member policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendant is liable, in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiffs and the Business Income Coverage Class against Defendant)

68.     Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

69.     Plaintiffs bring this claim individually and on behalf of the Business Income Coverage Class against Defendant.

70.     Defendant has breached the duty of good faith and fair dealing owed to Plaintiff and the Business Income Coverage Class in the following respects:

(a) Unreasonably acting or failing to act in a manner that deprives Plaintiffs and the Class the benefits of their policies;

(b) Unreasonably engaging in a pattern and practice of acting or failing to act in a manner that deprives Plaintiffs and the Class of the benefits of their policies;

(c) Unreasonably failing to conduct a prompt, fair, balanced and thorough investigation of all of the bases of Plaintiffs and the Class' claims;

(d) Unreasonably engaging in a pattern and practice of failing to conduct a prompt, fair, balanced and thorough investigation of all of the bases of claims made Plaintiffs and the Class' policies;

(e) Unreasonably failing to diligently search for and consider evidence that supports coverage of Plaintiffs' and the Class' claims;

(f) Unreasonably engaging in a pattern and practice of failing of failing to diligently search for and consider evidence that supports coverage of Plaintiffs' and the Class' claims;

(g) Unreasonably failing to conduct an investigation to determine the efficient proximate cause (predominant cause) of Plaintiffs' and the Class' losses;

(h) Unreasonably engaging in a pattern and practice of failing to conduct an investigation to determine the efficient proximate cause (predominant cause) on

- 12 -

claims made by insureds;

(i) Unreasonably failing to give at least as much consideration to the interests of Plaintiffs and the Class;

(j) Unreasonably engaging in a pattern and practice of failing to give at least as much consideration to the interests of its insureds as it gives to its own interests;

(k) Unreasonably placing its own financial interests above the interests of Plaintiffs and the Class; and

(l) Unreasonably engaging in a pattern and practice of placing its own financial interests above the interests of its insureds.

71.     By acting in the aforementioned way, Defendant breached the implied covenant of good faith and fair dealing.

72.     As a result of this breach, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

### Declaratory Relief

### (By Plaintiffs and the Business Income Coverage Class against Defendant)

73.     Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

74.     Plaintiffs bring this claim individually and on behalf of the Business Income Coverage Class against Defendant.

75.     This Court has jurisdiction to declare the rights and other legal relations pursuant to 28 U.S.C. §§ 2201-2202.

76.     Plaintiff's Policy and the policies of other Business Income Coverage Class members, are insurance contracts under which Defendant was paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

77.     In the Policy, Defendant expressly agree to pay for loss of gross revenue incurred as a result of the perils not excluded under the Policy. Specifically, Defendant promised to pay for

losses of business income sustained as a result of a business interruption.

78.   A covered loss has resulted in a business interruption. These interruptions have caused Plaintiffs and Class members losses.

79.   The business interruptions and losses triggered the business income coverage under the Policy and other Class members' policies.

80.   Plaintiffs and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

81.   Defendant, without justification, has refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendant is in breach of the Policy and other Class members' policies.

82.   Plaintiffs and the Class members seek a judicial determination of whether the policies provide coverage for business interruption losses.

83.   An actual case or controversy exists regarding Class members' rights and Defendant's obligations under the terms of the Class members' policies.

## FOURTH CLAIM FOR RELIEF

### Breach of Contract

### (By Plaintiffs and the Extra Expense Coverage Class against Defendant)

84.   Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

85.   Plaintiffs bring this claim individually and on behalf of the Extra Expense Coverage Class against Defendant.

86.   Plaintiffs' Policy and the policies of other Extra Expense Coverage Class members, are insurance contracts under which Defendants were paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

87.   In the Policy, Defendant expressly agrees to pay for extra expenses incurred as a result of the perils not excluded under the Policy. Specifically, Defendants promised to pay amounts in excess of the total cost of conducting business activities during the period of time

necessary to clear or repair, including salaries in certain circumstances.

88.    A covered loss has resulted in a business interruption. These interruptions have caused Plaintiffs and Class members losses.

89.    The extra expenses triggered the extra expense coverage under the Policy and other Class members' policies.

90.    Plaintiffs and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

91.    Defendant, without justification, has refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendant is in breach of the Policy and other Class members' policies.

92.    Due to Defendant's breach of the Policy and other Class member policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendant is liable, in an amount to be proved at trial.

## FIFTH CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiffs and the Extra Expenses Class against Defendant)

93.    Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

94.    Plaintiffs bring this claim individually and on behalf of the Extra Expenses Class against Defendant.

95.    Defendant has breached the duty of good faith and fair dealing owed to Plaintiff and the Extra Expenses Class in the following respects:

    a.    Unreasonably acting or failing to act in a manner that deprives Plaintiffs and the Class the benefits of their policies;

    b.    Unreasonably engaging in a pattern and practice of acting or failing to act in a manner that deprives Plaintiffs and the Class of the benefits of their policies;

    c.    Unreasonably failing to conduct a prompt, fair, balanced and thorough

investigation of all of the bases of Plaintiffs and the Class' claims;

    d.  Unreasonably engaging in a pattern and practice of failing to conduct a prompt, fair, balanced and thorough investigation of all of the bases of claims made Plaintiffs and the Class' policies;

    e.  Unreasonably failing to diligently search for and consider evidence that supports coverage of Plaintiffs' and the Class' claims;

    f.  Unreasonably engaging in a pattern and practice of failing of failing to diligently search for and consider evidence that supports coverage of Plaintiffs' and the Class' claims;

    g.  Unreasonably failing to conduct an investigation to determine the efficient proximate cause (predominant cause) of Plaintiffs' and the Class' losses;

    h.  Unreasonably engaging in a pattern and practice of failing to conduct an investigation to determine the efficient proximate cause (predominant cause) on claims made by insureds;

    i.  Unreasonably failing to give at least as much consideration to the interests of Plaintiffs and the Class;

    j.  Unreasonably engaging in a pattern and practice of failing to give at least as much consideration to the interests of its insureds as it gives to its own interests;

    k.  Unreasonably placing its own financial interests above the interests of Plaintiffs and the Class; and

    l.  Unreasonably engaging in a pattern and practice of placing its own financial interests above the interests of its insureds.

96.    By acting in the aforementioned way, Defendant breached the implied covenant of good faith and fair dealing.

97.    As a result of this breach, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Declaratory Relief

#### (By Plaintiffs and the Extra Expense Class against Defendants)

98.    Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

99.    Plaintiffs bring this claim individually and on behalf of the Extra Expense Class against Defendant.

100.   This Court has jurisdiction to declare the rights and other legal relations pursuant to 28 U.S.C. §§ 2201-2202.

101.   Plaintiffs' Policy and the policies of other Extra Expense Coverage Class members, are insurance contracts under which Defendant was paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

102.   In the Policy, Defendant expressly agrees to pay for extra expenses incurred as a result of the perils not excluded under the Policy. Specifically, Defendant promised to pay amounts in excess of the total cost of conducting business activities during the period of time necessary to clear or repair, including salaries in certain circumstances.

103.   The present caused Plaintiffs and the Class to incur extra expenses, causing losses.

104.   The extra expenses triggered the extra expense coverage under the Policy and other Class members' policies.

105.   Plaintiffs and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

106.   Defendant, without justification, has refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendant is in breach of the Policy and other Class members' policies.

107.   Plaintiffs and the Class members seek a judicial determination of whether the extra expense coverage provision applies due to the expenses incurred.

108.   An actual case or controversy exists regarding Class members' rights and

- 17 -

Defendants' obligations under the terms of the Class members' policies.

### SEVENTH CLAIM FOR RELIEF

**Breach of Contract**

**(By Plaintiffs and the Civil Authority Coverage Class against Defendant)**

109.   Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

110.   Plaintiffs bring this claim individually and on behalf of the Civil Authority Coverage Class against Defendant.

111.   Plaintiffs' Policy and the policies of other Civil Authority Coverage Class members, are insurance contracts under which Defendant was paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

112.   In the Policy, Defendant expressly agrees to pay for loss of gross revenue incurred as a result of the perils not excluded under the Policy. Specifically, Defendant promised to pay for losses of business income sustained as a result of a business interruption caused by a civil authority action.

113.   A covered loss has resulted in a business interruption. These interruptions have caused Plaintiffs and Class members losses.

114.   The business interruptions and losses triggered the business income coverage under the Policy and other Class members' policies.

115.   Plaintiffs and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

116.   Defendant, without justification, has refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendant is in breach of the Policy and other Class members' policies.

117.   Due to Defendant's breach of the Policy and other Class member policies, Plaintiff and other Class members have suffered actual and substantial damages for which Defendant is liable, in an amount to be proved at trial.

## EIGHTH CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing

### (By Plaintiffs and the Civil Authority Coverage Class against Defendant)

118.   Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

119.   Plaintiffs bring this claim individually and on behalf of the Civil Authority Coverage Class against Defendant.

120.   Defendant has breached the duty of good faith and fair dealing owed to Plaintiff and the Civil Authority Coverage Class in the following respects:

(a) Unreasonably acting or failing to act in a manner that deprives Plaintiffs and the Class the benefits of their policies;

(b) Unreasonably engaging in a pattern and practice of acting or failing to act in a manner that deprives Plaintiffs and the Class of the benefits of their policies;

(c) Unreasonably failing to conduct a prompt, fair, balanced and thorough investigation of all of the bases of Plaintiffs and the Class' claims;

(d) Unreasonably engaging in a pattern and practice of failing to conduct a prompt, fair, balanced and thorough investigation of all of the bases of claims made Plaintiffs and the Class' policies;

(e) Unreasonably failing to diligently search for and consider evidence that supports coverage of Plaintiffs' and the Class' claims;

(f) Unreasonably engaging in a pattern and practice of failing of failing to diligently search for and consider evidence that supports coverage of Plaintiffs' and the Class' claims;

(g) Unreasonably failing to conduct an investigation to determine the efficient proximate cause (predominant cause) of Plaintiffs' and the Class' losses;

(h) Unreasonably engaging in a pattern and practice of failing to conduct an investigation to determine the efficient proximate cause (predominant cause) on

claims made by insureds;

(i) Unreasonably failing to give at least as much consideration to the interests of Plaintiffs and the Class;

(j) Unreasonably engaging in a pattern and practice of failing to give at least as much consideration to the interests of its insureds as it gives to its own interests;

(k) Unreasonably placing its own financial interests above the interests of Plaintiffs and the Class; and

(l) Unreasonably engaging in a pattern and practice of placing its own financial interests above the interests of its insureds.

121. By acting in the aforementioned way, Defendant breached the implied covenant of good faith and fair dealing.

122. As a result of this breach, Plaintiffs and the Class have been damaged in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF

### Declaratory Relief

### (By Plaintiffs and the Civil Authority Coverage Class against Defendant)

123. Plaintiffs reallege and incorporate by reference the allegations contained in all prior paragraphs of this Complaint, as though fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

124. Plaintiffs bring this claim individually and on behalf of the Civil Authority Coverage Class against Defendant.

125. This Court has jurisdiction to declare the rights and other legal relations pursuant to 28 U.S.C. §§ 2201-2202.

126. Plaintiffs' Policy and the policies of other Civil Authority Coverage Class members, are insurance contracts under which Defendant was paid premiums in exchange for promises to pay Class members' losses for claims covered by the Policy.

127. In the Policy, Defendant expressly agrees to pay for loss of gross revenue incurred as a result of the perils not excluded under the Policy. Specifically, Defendant promised to pay for

- 20 -

losses of business income sustained as a result of a business interruption caused by a civil authority action.

128.  A covered loss has resulted in a business interruption. These interruptions have caused Plaintiffs and Class members losses.

129.  The business interruptions and losses triggered the business income coverage under the Policy and other Class members' policies.

130.  Plaintiffs and the other Class members have complied with all applicable provisions of their respective policies, including payment of premiums.

131.  Defendant, without justification, has refused performance under the Policy and other Class members' policies by denying coverage for these losses and expenses. Accordingly, Defendant is in breach of the Policy and other Class members' policies.

132.  Plaintiffs and the Class members seek a judicial determination of whether the policies provide coverage for business interruption losses.

133.  An actual case or controversy exists regarding Class members' rights and Defendant's obligations under the terms of the Class members' policies.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment against Defendants, as follows:

1.  An order certifying appropriate classes and/or subclasses, designating Plaintiffs as the class representatives and their counsel as class counsel;

2.  A judicial declaration concerning the provisions concerning the business income coverage, extra expense coverage, and civil authority coverage;

3.  An award of restitution, damages, and disgorgement to Plaintiffs and the Class in an amount to be determined at trial;

4.  An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded, as allowed by law;

5.    An award of costs and attorneys' fees, as allowed by law; and

6.    Such other or further relief as may be appropriate.

Dated:  April 25th, 2020

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

*/s/ Gregg A. Hubley*

Gregg A. Hubley, Esq. (Nev. Bar No. 7386)
Christopher A.J. Swift, Esq. (Nev. Bar No. 11291)
7201 W. Lake Mead Blvd., Suite 570
Las Vegas, Nevada 89128
Telephone: (702) 789-7529

Mike Arias, Esq. (Cal. Bar No. 115385)*
Alfredo Torrijos, Esq. (Cal. Bar No. 222458)*
**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696

**BRAYTON PURCELL, LLP**
Alan Brayton, Esq.*
Gilbert Purcell, Esq.*
James Nevin, Esq.*
Andrew Chew, Esq.*
222 Rush Landing Road
Novato, California 94945
Telephone: (800) 598-0314

*Attorneys for Plaintiffs and the Proposed Class*
**pro hac vices pending*

- 22 -

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by jury of any and all issues in this action so triable of right.

Dated:  April 25th, 2020

ARIAS SANGUINETTI WANG & TORRIJOS, LLP

_/s/ Gregg A. Hubley_

Gregg A. Hubley, Esq. (Nev. Bar No. 7386)
Christopher A.J. Swift, Esq. (Nev. Bar No. 11291)
7201 W. Lake Mead Blvd., Suite 570
Las Vegas, Nevada 89128
Telephone: (702) 789-7529

Mike Arias, Esq. (Cal. Bar No. 115385)*
Alfredo Torrijos, Esq. (Cal. Bar No. 222458)*
ARIAS SANGUINETTI WANG & TORRIJOS, LLP
6701 Center Drive West, 14th Floor
Los Angeles, California 90045
Telephone: (310) 844-9696

BRAYTON PURCELL, LLP
Alan Brayton, Esq.*
Gilbert Purcell, Esq.*
James Nevin, Esq.*
Andrew Chew, Esq.*
222 Rush Landing Road
Novato, California 94945
Telephone: (800) 598-0314

_Attorneys for Plaintiffs and the Proposed Class_
_*pro hac vices pending_